

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 28  P 2: 40

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BRUCE J. WISHNIA, on behalf of himself and all others similarly situated,

       Plaintiff,

-against-

D.B.F. COLLECTION CORP., and LISA MARINO, individually.

       Defendants.

Civil Case Number: 07- 4147 (FSH)

**CIVIL ACTION**

**CLASS ACTION COMPLAINT
AND
JURY TRIAL DEMANDED**

Plaintiff, Bruce J. Wishina, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") residing at 148 Pleasantville Road, New Vernon, New Jersey 07976, by and through his undersigned attorneys, alleges against the above-named Defendants, D.B.F COLLECTION CORP., with its principal executive office located at 1383 Sturl Avenue, Hewlett, New York, 11557, (hereinafter "Defendant D.B.F."), and Lisa Marino, whose business address is 1383 Sturl Avenue, Hewlett, New York, 11557 (hereinafter "Defendant Marino"), their employees, agents, and successor alleges the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2)  because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692(a).

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, County of Morris and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

7.      Defendant D.B.F. is a domestic business corporation with its principal executive office located at 1383 Sturl Avenue, Hewlett, New York, 11557, and with its mailing address at P.O. Box 447, Hewlett, New York 11557.

8.      Upon information and belief, the principal purpose of the Defendant D.B.F. is the collection of debts using the mail, telephone, and facsimile and

regularly attempts to collect debts alleged to be due another. Defendant D.B.F. is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9.    Upon information and belief, Defendant Marino is a natural person and is a collection agent for Defendant D.B.F. and is a necessary party to the fair adjudication of this Action.

10.    Upon information and belief, the principal purpose of Defendant Marino is the collection of debts using the mail, telephone, and facsimile and regularly attempts to collect debts alleged to be due another.

### CLASS ACTION ALLEGATIONS

11.    Plaintiff bring this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class consists of:

- All consumers who received a collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*

- The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that are sent to hundreds and/or thousands of persons.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether the defendants violated various provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(8), 1692e(9), 1692e(10), 1692e(14), 1692e(16), 1692c(c) and 1692g(a);

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d.  Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.   Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.   Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.   If Defendants'

conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.   On or about April 20, 2007, Defendant D.B.F mailed through the United States Postal Service a collection letter addressed to Plaintiff.  Upon receipt of Defendant's letter, Plaintiff opened and read it.  The letter demanded payment of a debt allegedly owed by Plaintiff to Milford Management Corp. A copy of said letter is annexed hereto as **Exhibit A.**

15.   On or about April 25, 2007, Plaintiff notified Defendant D.B.F through his attorney, Joseph K. Jones, Esq., that he disputed the validity of the alleged debt and requested a full accounting.   Furthermore, Defendant D.B.F was instructed to cease all collection efforts.

16.   On or about April 30, 2007, and upon receipt of the accounting, Plaintiff's attorney promptly notified Defendant D.B.F (via facsimile (516) 295-4016 and regular mail) that Plaintiff still disputed the alleged debt and again instructed Defendant D.B.F to immediately cease all collection efforts. A copy of said letter is annexed hereto as **Exhibit B.**

17.    Upon receipt of the facsimile, Defendant Marino contacted Plaintiff's attorney, Joseph K. Jones, Esq., and stated that "If the Plaintiff was not going to pay this debt, then the Defendants would promptly sue him", and abruptly hung up the telephone.

18.    On or about June 5, 2007, Defendant D.B.F. sent (via facsimile) another collection letter/ Final Notice to Plaintiff. A copy of said letter is annexed hereto as **Exhibit C.**

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 VIOLATION OF 15 U.S.C. § 1692e(8)

19.    Plaintiff repeats the allegations contained in paragraphs 1 through 18 as if the same were set forth at length.

20.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21.    Section1692e of the FDCPA states that: "A debt collector may not use any false, deceptive, or misleading representation or deceptive means in connection with the collection of any debt."

22.    Section 1692e(8) makes it a violation of the FDCPA for a debt collector to: "Communicat[e] or threaten to communicate to any person credit information which is known or which should be known to be false ...."

23.    Defendants violated § 1692e(8) of the FDCPA by including in their collections letters the word "IMPORTANT" (in reverse copy with a larger font size),

- 7 -

followed by the words "MEMBER **experian** formerly **TRW**", which implies a threat that Defendants somehow have the ability to communicate negative information regarding the alleged debt to the national credit reporting agencies, which they knew or should have known was or could be false. *See,* **Exhibit A.**

24.    By reason thereof, Plaintiff has sustained damages when the Defendants communicated and threatened to communicate negative information to Experian and TRW.

25.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(8) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(9)

26.    Plaintiff repeats the allegations contained in paragraphs 1 through 25 as if the same were here set forth at length.

27.    Section 1692e(9) makes a violation of the FDCPA the: "[U]se or distribution of any written communication which simulate or is falsely represented to be a document authorized, issued, or approved … which creates a false impression as to its source, authorization, or approval."

28.    Defendants violated § 1692e(9) of the FDCPA by using and distributing collection letters which falsely represents that Defendants are authorized or approved by "Experian formerly TRW" (which is a commonly known major credit reporting agency) to collect the alleged debt.    The design of the

- 8 -

collection letter strategically placed the words "IMPORTANT" (in reverse copy with a larger font size), "MEMBER **experian** formerly **TRW**", and "NYC DCA Lic# 1111249;" in such a placement pattern as to intentionally cause the consumer to read them together.    Defendants actions are misleading because the "least sophisticated consumer" is misled into falsely believing that it is "IMPORTANT" that the Defendants are "MEMBER[S] of **experian** formerly **TRW.**" Furthermore, these words are strategically placed directly above "NYC DCA Lic# 1111249", which misleads the "least sophisticated consumer" into believing that Defendants are licensed by the City of New York to act as a "MEMBER of **experian** formerly **TRW.**" *See,* Exhibit A.

29.    By reason thereof, Plaintiff has sustained damages when the Defendants distributed collection letters and/or notices which falsely represents that Defendants are licensed by the City of New York to be a member of "Experian formerly TRW" and that Defendants are approved and/or authorized by "Experian formerly TRW" to collect the alleged debt.

30.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(9) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

31.   Plaintiff repeats the allegations contained in paragraphs 1 through 30 as if the same were here set forth at length.

32.   Section 1692e(10) of the FDCPA makes it a violation for a debtor collector to: "[U]se any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

33.   By intentionally implying that "S. Katz, Attorney at Law", who upon information and belief is not licensed to practice law in the State of New Jersey, was involved with the collection of the alleged debt[1], Defendants employed deceptive means and made false representations in an attempt to collect the alleged debt from Plaintiff, which is a violation of § 1692e(10). *See*, **Exhibit C.**

34.   By reason thereof, Plaintiff has sustained damages when the Defendants used false and deceptive means in an attempt to collect the alleged debt.

35.   By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT IV

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**VIOLATION OF 15 U.S.C. § 1692e(14)**

36.   Plaintiff repeats the allegations contained in paragraphs 1 through 35 as if the same were here set forth at length.

---

[1] S. Katz, Attorney at Law is copied on the bottom left of the June 5, 2007 letter, See, Exhibit C.

37.   Section 1692e(14) of the FDCPA makes it a violation to: "[U]se any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

38.   Defendants violated § 1692e(14) by deceptively using the following names in their collection letters: Experian; TRW; MoneyGram; and ACA International; none of which are the true names of either Defendant. *See*, **Exhibit A.**

39.   By reason thereof, Plaintiff has sustained damages when the Defendants deceptively used names other than their true names in their collection letters in attempt to collect the allege debt.

40.   By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(14) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT V

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(16)

41.   Plaintiff repeats the allegations contained in paragraphs 1 through 40 as if the same were here set forth at length.

42.   Section 1692e(16)  of the FDCPA makes a violation: "The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title."

43.   Defendants violated § 1692e(16) by falsely representing in their collection letters and/or notices that they are a "MEMBER of **experian** formerly

**TRW**." These words are strategically placed right next to the word "IMPORTANT" and are directly above "NYC DCA Lic# 1111249", which would mislead the "least sophisticated consumer" into believing that Defendants are licensed by the City of New York to operate or is licensed/employed by a major national credit reporting agency (Experian formerly TRW). Furthermore, on the reverse side of the collection letters which contains the required thirty-day (30) notice under § 1692g(a), the following words appear: See **Exhibit A.**

TO CHECK YOUR CREDIT CONTACT
Experian
701 Experian Parkway
PO Box 2002
Allen, TX 75013

Toll Free: 888-397-3724
Website: www.experian.com/reportaccess

44.   By reason thereof, Plaintiff has sustained damages when the Defendants mailed collection letters which falsely represented that Defendants were licensed to operate or was employed by a credit reporting agency.

45.   By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(16) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT VI**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
VIOLATION OF 15 U.S.C. § 1692g(a)**

- 12 -

46.    Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were here set forth at length.

47.    Section 1692g requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

48.    Defendants violated § 1692g(a) by mailing collections letters and/or notices with language that overshadows the required thirty-day (30) notice.

49.    Defendants strategically placed the required notice of §1692g(a) on the back of their collection letters without providing adequate notice to the consumers that information effecting their legal rights are on the back of the letters.

50.    The _only_ telephone number listed on the reverse side of the collection letters is a toll free number directly below the name and address Experian, which sits directly below the notice which informs the consumer of their right to dispute the allege debt.

51.    The "least sophisticated consumer" would dial the toll free telephone number to dispute the allege debt.

52.    By reason thereof, Plaintiff has sustained damages when the Defendants distributed collection letters and/or notices designed with language that overshadows the required thirty (30) days notice.

53.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g(a) of the FDCPA, actual

damages, statutory damages, costs and attorneys' fees.

## COUNT VII

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692c(c)

54.    Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were here set forth at length.

55.    Section 1692c(c) of the FDCPA states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
>
> **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
>
> **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

56.    Section 1692a(2) of the FDCPA defines communication as "[T]he conveying of information regarding a debt directly or indirectly to any person through any medium."

57.    On April 20, 2007, Defendants mailed a collection letter to the Plaintiff demanding payment of a debt allegedly owed by the Plaintiff. *See*, Exhibit A.

58.    On or about April 25, 2007, Plaintiff notified the Defendants through his attorney that he disputed the validity of the alleged debt and advised the Defendants to cease all collection efforts.

59.    On or about April 30, 2007, Defendants sent (via facsimile) an accounting of the alleged debt to Plaintiff's attorney.

60.    On April 30, 2007, Plaintiff through his attorney (via facsimile and regular mail) informed Defendants that he did not agree with the accounting and further instructed Defendants to "immediately cease all collection efforts in this matter." *See*, **Exhibit B.**

61.    On April 30, 2007, Defendant Marino called Plaintiff's attorney and informed him that "If the Plaintiff was not going to pay this debt, then the Defendants would promptly sue him", and abruptly hung up the telephone.

62.    On June 5, 2007, Defendants sent a "FINAL NOTICE" collection letter addressed to Plaintiff (via facsimile to 973-244-0019) in violation of §1692c(c). *See*, **Exhibit C.**

63.    Said collection letter was a demand for payment in full of the alleged debt within thirty (30) days or "THIS MATTER WILL BE REFERRED TO OUR ATTORNEYS." *See*, **Exhibit C.**

64.     Said collection letter was copied to "S. Katz, Attorney at Law." *See*, **Exhibit C.**

65.     Said collection letter was signed by defendant, "Lisa Marino" COLLECTION AGENT. *See*, **Exhibit C.**

66.     By reason thereof, Plaintiff has sustained damages when the Defendants attempted to contact the Plaintiff through his attorney after they were advised to cease further communications, by sending a "FINAL NOTICE" (via facsimile) addressed to Plaintiff and copied to "S. Katz, Attorney at Law."

67.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692c(c) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demand judgment against the Defendants on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq. and Warren S. Dank, Esq. as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issue a declaratory Order requiring Defendants to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff costs of this Action, including reasonable

attorneys' fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as

the Court may deem just and proper.

Dated: Fairfield, New Jersey
      August 28, 2007

Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900
(973) 244-0019 facsimile

Warren S. Dank (WD-3980)
Law Offices of Warren S. Dank
62 Belmont Circle
Syosset, New York 11791
(516) 660-9453
(516) 364-6308 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

request a trial by jury on all issues so triable.

Joseph K. Jones (JJ-5509)

Warren S. Dank (WD-3980)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned attorney of record for Plaintiff does hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 28, 2007

Joseph K. Jones (JJ-5509)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned attorney of record for Plaintiff does hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 28, 2007

Warren S. Dank (WD-3980)

## VERIFICATION

State of New Jersey            )
                               )  ss:
County of Essex                )

I, Bruce J. Wishnia, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Dated: August 28, 2007

_____
Bruce J. Wishnia

Sworn to before me this 28th day of August, 2007

_____
Notary Public

**MICHELLE GONCALVES**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 3/29/2009

Sworn to and subscribed
before me this
28 day of AUG, 2007

- 20 -